IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

BASIL H. MATTHEWS,                          *

            Plaintiff,                      *

                                            *

                v.                          *         CIVIL NO.: WDQ-12-1758

                                            *

BOARD OF EDUCATION
OF HOWARD COUNTY,                           *

            Defendant.                      *

*      *      *      *      *      *      *      *      *      *      *      *      *

MEMORANDUM OPINION

Basil H. Matthews sued the Board of Education of Howard
County, Maryland (the "Board") in the Circuit Court for Howard
County, Maryland for sex and race discrimination, in violation
of Title VII of the Civil Rights Act of 1964 ("Title VII")[1] and
Title 20 of the State Government Article of the Maryland Code
("Title 20")[2].  On June 15, 2012, the Board removed the action to
this Court.  Pending is the Board's motion to dismiss.  For the
following reasons, Matthews's Title 20 claims will be dismissed
with prejudice.  Matthews's Title VII claims will be dismissed
without prejudice, and Matthews will be granted leave to amend.[3]

---

[1] 42 U.S.C. §§ 2000e, *et seq.*

[2] Md. Code Ann., State Gov't §§ 20-601, *et seq.*

[3] The Court will grant Matthews's unopposed motion to extend time
or, in the alternative, for leave to file a late opposition to
the Board's motion to dismiss.  ECF No. 23.

I. Background[4]

On or about August 1, 2008, the Board[5] hired Matthews, an African-American man, as a part-time custodian.  ECF No. 11 ¶¶ 1, 6.  In August 2009, Matthews was assigned to work at the Waverly School.  *Id.* ¶ 6.  Matthews alleges that he has, at all relevant times, "performed his job duties and responsibilities satisfactory [sic] and commendably."  *Id.*

On or about November 13, 2009, Board employee Darlene Carter approached Matthews "in a threatening and accusatory manner."  ECF No. 11 ¶ 7.[6]  Matthews "immediately" called his supervisor Wendy Cain and left a message describing the incident.  *Id.*  A "few days later," Cain left Matthews a note indicating that she had spoken with Carter and instructing Matthews not to "say anything to her and she won't say anything

---

[4] For the motion to dismiss, the well-pled allegations in the complaint are accepted as true.  *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).

[5] The amended complaint, as styled, names the Board as the sole defendant.  *See* ECF No. 11.  Its text, however, refers to the Howard County Public School System (the "HCPSS") as an additional defendant.  *See, e.g.*, *id.* ¶ 2.  Further diminishing clarity, the amended complaint repeatedly refers to the "Defendant," instead of "the HCPSS" or "the Board."  *See, e.g.*, *id.* ¶¶ 6, 7, 9, 11.  The HCPSS cannot be sued in its own name. *See James v. Frederick Cnty. Pub. Sch.*, 441 F. Supp. 2d 755, 758 (D. Md. 2006); *Adams v. Calvert Cnty. Pub. Sch.*, 201 F. Supp. 2d 516, 520 n.3 (D. Md. 2002); *see also* Md. Code Ann., Educ. §§ 3-103, 3-104.  Therefore, the Court will assume that Matthews's references to "the Defendant" are references to the Board.

[6] Matthews has not alleged what, if anything, Carter said to him. *See* ECF No. 11 ¶ 7.

to you." *Id.*

On or about November 19, 2009, Matthews submitted a written report and complaint about the incident with Carter to his "supervisors." ECF No. 11 ¶ 8. Several days later, Matthews was "summon[ed]" to a meeting. *Id.* At the meeting, Matthews learned that he was the "subject or target" of an investigation "based on allegations" by Carter. *Id.* The meeting discussions did not address Matthews's recent complaint against Carter. *Id.*

On December 28, 2009, Min Kim, the Board's coordinator for equity assurance, issued a memorandum on the investigation of Carter's allegations against Matthews. ECF No. 11 ¶ 9. The memorandum concluded that Matthews had violated the Board's sexual harassment policies. *Id.* On or about January 7, 2010, Matthews received a written letter of reprimand, which required him to undergo counseling through the Board's "Employee Assistance Program Provider." *Id.* Matthews "protested and disputed the investigation, the conclusions drawn, and the disciplinary action against [him]," contending that these actions were retaliation for his complaint against Carter. *Id.* ¶ 10. Since then, Matthews has made "numerous requests and inquires [sic]" about his complaint. *Id.* ¶ 11. Instead of addressing Matthews's requests, the Board "subjected" him to "further retaliatory action" by its employees, agents, and representatives. *Id.*

On or about July 16, 2010, Matthews filed charges of discrimination with the U.S. Equal Employment Opportunity Commission (the "EEOC").  ECF No. 11 ¶ 5.  On or about December 13, 2011, the EEOC issued Matthews a right to sue letter.  *Id.*

On March 13, 2012, Matthews filed suit against the HCPSS and the Board in the Circuit Court for Howard County, Maryland.  ECF No. 2.[7]  On April 23, 2012, the HCPSS and the Board moved to dismiss.  ECF No. 6.  On May 22, 2012, Matthews moved for an extension of time or, in the alternative, for leave to file a late opposition to the Defendants' motion.  ECF No. 8.  The motion was unopposed.  *See* ECF No. 9.  On June 1, 2012, Matthews filed an amended complaint against the Board, ECF No. 11,[8] and opposed the motion to dismiss the initial complaint, ECF No. 12.  On June 15, 2012, the Board replied.  ECF No. 17.

Also on June 15, the Board removed the action to this Court, ECF No. 1, and moved to dismiss the amended complaint, with prejudice, for lack of subject matter jurisdiction and failure to state a claim, ECF No. 18.  On July 16, 2012,

---

[7] Matthews alleged claims for sex and race discrimination, as well as retaliation, under Title 20.  *See* ECF No. 2 at 4-7.

[8] The amended complaint alleges claims for sex and race discrimination under Title 20 and Title VII, *see* ECF No. 11 at 3-5, and requests: (1) declaratory and injunctive relief "that declare the acts or policy of the [Board] discriminatory"; (2) compensatory damages; (3) consequential damages; (4) punitive damages; (5) nominal damages; (6) attorney's fees and costs; and (7) such "other and further relief as may be deemed just and proper," *id.* at 6.

Matthews moved for an extension of time or, in the alternative, for leave to file a late opposition to the Board's motion to dismiss.  ECF No. 23.  On July 19, 2012, Matthews opposed the Board's motion.  ECF No. 25.  On July 31, 2012, the Board replied.  ECF No. 26.

II. Analysis

  A. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).  Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced.  *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003).  These facts must be sufficient to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

"The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court."[9] "[P]leading is [not] a game of skill in which one misstep by counsel may be decisive to the outcome . . . the purpose of pleading is to facilitate a proper decision on the merits." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (internal quotation marks omitted). When a plaintiff's complaint fails to state a claim, he "should generally be given a chance to amend the complaint . . . before the action is

---

[9] *180S, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638-39 (D. Md. 2009) (*citing Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985)).

dismissed with prejudice."[10]   But, dismissal with prejudice is
proper if there is no set of facts the plaintiff could present
to support his claim.  *See, e.g., Cozzarelli v. Inspire Pharm.,
Inc.*, 549 F.3d 618, 630 (4th Cir. 2008).

   B. The Board's Motion to Dismiss

      1. Title 20 Claims

   The amended complaint alleges that the Board violated Title
20 by discriminating against Matthews on the basis of sex (Count
I) and race (Count II).  ECF No. 11 at 3-5.  The Board argues
that this Court lacks subject matter jurisdiction over
Matthews's Title 20 claims because the claims were filed outside
of the statute of limitations.  ECF No. 18-1 at 2.[11]   Matthews

---

[10] *FinServ Cas. Corp. v. Settlement Funding, LLC*, No. H-10-0264,
2010 WL 2757536, at *10 (S.D. Tex. July 13, 2010) (*citing Great
Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d
305, 329 (5th Cir. 2002)).

[11] "Because a failure to exhaust administrative remedies based on
untimely filings is not an issue of subject matter jurisdiction,
dismissal under Rule 12(b)(1) would be improper." *Bishop v. Bd.
of Educ. of Calvert Cnty.*, No. DKC 11-1100, 2011 WL 2651246, at
*3 (D. Md. July 5, 2011), *aff'd*, 466 F. App'x 261 (4th Cir.
2012) (per curiam).  By contrast, "Rule 12(b)(6) motions may
properly raise statute of limitations defenses where the defense
is apparent from the face of the complaint." *Id.* (internal
quotation marks omitted); *see Bacon v. Arey*, 40 A.3d 435, 465
(Md. Ct. Spec. App. 2012) (explaining that when the defense of
the statute of limitations is "apparent from the face of the
complaint," it is "subsumed within the broader defense that the
complaint fails to state a cause of action upon which relief can
be granted" (internal quotation marks omitted)), *cert. denied*,
427 Md. 607 (2012).  Here, the untimeliness defense is apparent
from the face of Matthews's complaint.  Thus, the Court will

"concedes" that his Title 20 claims "w[ere] not filed in [the]
Circuit Court for Howard County" within the two-year period
provided by Md. Code Ann., State Gov't § 20-1013(a). ECF No. 25
at 6.

Under Title 20, a civil action is timely if it is "filed
within 2 years after the alleged unlawful employment practice
occurred." Md. Code Ann., State Gov't § 20-1013(a)(3).[12]
Matthews's initial and amended complaint allege, *inter alia*,
that the Board discriminated against him by "dismissing,
disregarding, and failing to investigate" Matthews's complaint
against Carter, but "pursuing and investigating" Carter's
complaint against Matthews. ECF No. 2 ¶¶ 13, 21, 27-28; ECF No.
11 ¶¶ 13, 19-20. The most recent discriminatory employment
practice occurred on January 7, 2010, when the Board issued
Matthews a letter of reprimand. ECF No. 2 ¶ 9; ECF No. 11 ¶ 9.
Matthews did not file suit until March 13, 2012--about two
months late. ECF No. 2. Thus, his Title 20 claims will be
dismissed with prejudice.[13] *See Cozzarelli*, 549 F.3d at 630.

_____

consider the Board's argument under Rule 12(b)(6). *See Bishop*,
2011 WL 2651246, at *3.

[12] An "unlawful employment practice" is any act prohibited under
State Gov't § 20-606. Md. Code Ann., State Gov't § 20-1001.

[13] The Board's motion to dismiss asserts that Matthews's Title
VII claims were also untimely filed. ECF No. 18 at 1 ("*All of
the Plaintiff's claims must be dismissed . . . because they are
barred by the applicable statute of limitations set forth in*

2. Title VII Claims

The amended complaint alleges that the Board violated Title VII by discriminating against Matthews on the basis of sex (Count I) and race (Count II). ECF No. 11 at 3-5.  The Board argues that Matthews's Title VII claims "must be dismissed" because Matthews has not "allege[d] the *prima facie* elements required to sufficiently assert such claims." ECF No. 18-1 at 4.  Specifically, the Board contends that Matthews "has failed to assert that he has suffered an adverse employment action" because of his sex or race. *Id.* Matthews objects that he is not required to establish a prima facie case to survive dismissal. ECF No. 25 at 6.  He further contends that the Board's issuing a letter of reprimand and requiring him to undergo counseling was an "adverse action." *Id.* at 8.  Matthews insists that the need for discovery is "particularly" significant here, "whe[n] the issues involve[] the [Board's] intent and motivation." *Id.* at 10.

---

*Title VII* . . . and [Title 20]." (emphasis added)).  However, the Board did not develop this argument in its accompanying memorandum. *See generally* ECF No. 18-1.  More importantly, the Board does not dispute that the EEOC issued Matthews's right to sue letter on December 13, 2011 and that Matthews filed suit within 90 days, i.e., on March 13, 2012.  *Id.* at 2; *see* 42 U.S.C. § 2000e-5(f)(1) (a party has "ninety days after . . . notice [of right to sue to bring] a civil action").  Because the Board has not established that Matthews's Title VII claims were untimely filed, and the undisputed allegations are to the contrary, the Court will not dismiss the Title VII claims on this ground.

Title VII prohibits an employer from "discriminat[ing] against any person with respect to his compensation, terms, conditions, or privileges of employment," because of the person's race or sex. 42 U.S.C. § 2000e-2(a). To prove Title VII discrimination, a plaintiff must provide direct evidence of a Title VII violation, or proceed under the burden-shifting approach of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under *McDonnell Douglas*, the plaintiff must first establish a prima facie case[14] that raises an inference of illegal conduct.[15] The burden then shifts to the defendant to articulate a legitimate, lawful reason for its actions.[16] The plaintiff, in turn, must "establish[] that the employer's proffered explanation is pretext."[17]

A prima facie case under *McDonnell Douglas* is "an evidentiary standard, not a pleading requirement."

---

[14] The elements of a prima facie case of Title VII discrimination are "(1) membership in a protected class, (2) satisfactory job performance, (3) adverse employment action, and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010).

[15] *See Coleman*, 626 F.3d at 190; *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 318 (4th Cir. 2005).

[16] *See Bonds v. Leavitt*, 629 F.3d 369, 386 (4th Cir. 2011); *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 407 (4th Cir. 2005).

[17] *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011) (internal quotation marks omitted).

*Swierkiewicz*, 534 U.S. 510.[18]  Instead, the "ordinary rules for assessing the sufficiency of a complaint apply." *Id.*  Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Thus, to state a claim under Title VII, Matthews must demonstrate that: (1) he belongs to a protected class, (2) his job performance was satisfactory, (3) the Board took an adverse employment action against him, and (4) the Board treated him differently from a similarly situated employee outside of his protected class.  *See Coleman*, 626 F.3d at 190.[19] His factual allegations "must be enough to raise a right to relief above the speculative level."  *Templeton v. First Tenn. Bank, N.A.*, 424 F. App'x 249, 250 (4th Cir. 2011) (internal quotation marks omitted).

In his amended complaint, Matthews alleges that his female colleague Carter approached him "in a threatening and accusatory manner."  ECF No. 11 ¶ 7.  After submitting a "written report and complaint" about the incident, Matthews attended a meeting

---

[18] *See also id.* (explaining that the Supreme Court has "rejected the argument that a Title VII complaint requires greater particularity, because this would too narrowly constric[t] the role of the pleadings" (internal quotation marks omitted)).

[19] *See also Benahmed v. BAE Sys. Tech. Solutions & Servs., Inc.*, No. 12-cv-01974-AW, 2012 WL 5426432, at *4 (D. Md. Nov. 6, 2012) (explaining that a Title VII plaintiff "retains the burden of alleging facts sufficient to state all the elements of his claim").

where he learned that he--not Carter--was the "target" of an
investigation by the Board for alleged sexual harassment. *Id.* ¶
8.  As a result of the investigation, Matthews received a letter
of reprimand and underwent "mandatory" counseling. *Id.* ¶ 9.
Matthews asserts that his sex and race were "determining
factor[s]" in the Board's "discriminat[ory]" decision to pursue
Carter's complaint instead of his. *Id.* ¶¶ 13-14, 19-20.  He
also alleges that the Board's "employees, agents[,] and
representatives" have "subjected [him] to further retaliatory
action." *Id.* ¶ 11.

    Matthews's assertions fail to state a claim under Title
VII.  The Board concedes--and the Court will assume--that
Matthews has alleged membership in a protected class and
satisfactory job performance. ECF No. 26 at 8, 9.  Although
Matthews alleges that he was subjected to an adverse employment
action based on his sex and race, he does not assert facts
"establishing the plausibility of that allegation." *Coleman*,
626 F.3d at 190-91.  As to the adverse action, Matthews alleges
that the letter of reprimand and mandatory counseling "adversely
affected the terms, conditions, and privileges of . . .
employment."  ECF No. 11 ¶¶ 15, 21.[20]  But he has not pled facts

_____

[20] *See also* ECF No. 25 at 9 (arguing that the reprimand and
counseling effected a "significant and permanent change" in his
employment status by "burden[ing] [him] with the stigma and
record of violating [the Board]'s sexual harassment policy and .

to support this legal conclusion. *See Templeton*, 424 F. App'x at 250; *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007).[21]  Further, Matthews asserts that the Board's decision to investigate Carter's claim was discriminatory but alleges no facts suggesting that the decision was based on his race or sex. *See Templeton*, 424 F. App'x at 250; *Coleman*, 626 F.3d at 190-91.  Thus, Matthews has failed to state a Title VII claim for which relief can be granted.

　　3. Leave to Amend

　　Because more than 21 days have passed since the Board moved to dismiss, Matthews may amend his complaint only if the Board consents or with the court's leave. Fed. R. Civ. P. 15(a)(2); *Rice v. PNC Bank, N.A.*, No. PJM 10-0007, 2010 WL 1711496, at *2 (D. Md. Apr. 26, 2010).  Fed. R. Civ. P. 15(a)(2) instructs that leave should be freely given when justice requires.  Leave should be denied only when amendment would prejudice the

---

. . affect[ing] [his] ability to secure promotion or other job opportunities").

[21] *Compare Swierkiewicz*, 534 U.S. at 514 (plaintiff stated a Title VII claim when he alleged that he was terminated and provided the ages and nationalities of persons involved in his termination), *and Lewis v. Forest Pharm., Inc.*, 217 F. Supp. 2d 638, 647-48 (D. Md. 2002) (adverse employment action found when a warning letter was placed in plaintiff's personnel file, plaintiff was consequently disqualified for promotion and terminated), *with Bishop*, 2011 WL 2651246, at *6 (plaintiff did not state a Title VII claim because he did not indicate "any denial of promotion, demotion, loss of pay, or similar action that would materially alter his employment status").

opposing party, amount to futility,[22] or reward the movant's bad faith. *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008). Because these concerns are not present, Matthews will be granted leave to amend his complaint as to his Title VII claims.

III. Conclusion

For the reasons stated above, Matthews's Title 20 claims will be dismissed with prejudice. Matthews's Title VII claims will be dismissed without prejudice, and Matthews will be granted leave to amend.

_____12/4/12_____
Date

_____
William D. Quarles, Jr.
United States District Judge

---

[22] According to the Board, Matthews's January 7, 2010 reprimand is "insufficient as a matter of established case law" to state a claim for disparate treatment discrimination. ECF No. 18-1 at 5; *see also* ECF No. 26 at 12. But, "[c]ourts have recognized that a reprimand may constitute an adverse employment action whe[n] there is evidence that it led to further disciplinary action, such as termination." *Bishop*, 2011 WL 2651246, at *6 (*citing Jeffers v. Thompson*, 264 F. Supp. 2d 314, 330 (D. Md. 2003); *Lewis*, 217 F. Supp. 2d at 648; *Newman v. Giant Food, Inc.*, 187 F. Supp. 2d 524, 528-29 (D. Md. 2002)). That Matthews has not pled an adverse employment action does not render his claim futile.