IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BASIL H. MATTHEWS,                    :

    Plaintiff,                      :

v.                                    :
                                Civil Action No. GLR-12-1758
BOARD OF EDUCATION OF                 :
HOWARD COUNTY,
                                  :

    Defendant.                      :

                                  :

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendant Board of Education of Howard County's (the "Board") Motion to Dismiss or, in the Alternative, for Summary Judgment Plaintiff Basil H. Matthews's Second Amended Complaint. (ECF No. 31). This case involves a claim of disparate treatment gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq. (2012).

There are two principle issues before the Court: (1) whether Mr. Matthews's allegations that he was subject to a written reprimand and mandatory counseling, which led to his stigmatization and reassignment to a floater position, constitute adverse employment actions; and (2) whether Mr. Matthews has alleged sufficient facts in the Second Amended Complaint to establish a plausible claim that the decision not to investigate his complaint against a female employee was based

on his gender.  The issues have been fully briefed and no hearing is necessary.  See Local Rule 105.6 (D.Md. 2011).

The Court will grant the Board's Motion to Dismiss because (1) Mr. Matthews has not pled sufficient facts to establish a plausible claim that he suffered an adverse employment action, and (2) Mr. Matthews fails to state a plausible claim that the decision not to investigate his complaint against a female employee was based on his gender.

## I.  BACKGROUND[1]

The facts are fully set forth in the Court's prior Memorandum Opinion and need not be restated herein.  See Matthews v. Bd. of Educ. of Howard Cnty., No. WDQ-12-1758, 2012 WL 6086871 (D.Md. Dec. 5, 2012) ("Matthews I").  In any event, it is helpful to review certain facts essential to the pending Motion.

Mr. Matthews's principal argument is that the Board failed to contact or interview any of his male coworkers during its investigation of an altercation between himself and another Board employee, Darlene Carter.

As a result of its investigation, the Board concluded that Mr. Matthews had violated the Board's sexual harassment

---

[1] Unless otherwise noted, the following facts are taken from the Second Amended Complaint (ECF No. 29).  The well-pled allegations in the Second Amended Complaint are accepted as true and viewed in the light most favorable to Mr. Matthews.  See Brockington v. Boykins, 637 F.3d 503, 505 (4th Cir. 2011).

policies during his altercation with Ms. Carter.  Accordingly,

the Board issued Mr. Matthews a written letter of reprimand,

which required that he attend counseling through the Board's

Employee Assistance Program.  Mr. Matthews asserts that he was

threatened with termination if he failed to attend the mandatory

counseling.  Consequently, Mr. Matthews insists he was compelled

to take time off from work to attend the counseling sessions,

which resulted in a loss of income.  Mr. Matthews further

alleges that, as a result of the reprimand and counseling, he

was stigmatized, which led to the Board reassigning him to a

floater position.  The reassignment, he maintains, caused him

instability and increased cost.  Mr. Matthews contends that his

gender was a determining factor in the Board's decisions.

This Court previously dismissed Mr. Matthews's Title VII

claims without prejudice for two reasons.  First, the Court held

that Mr. Matthews failed to allege sufficient facts establishing

that he suffered an adverse employment action based on his race

and sex.[2]  See Matthews I, 2012 WL 6086871, at *4.  Secondly, the

Court found that Mr. Matthews failed to allege facts plausibly

establishing that gender was the basis for the Board's decision

---

[2]  Mr. Matthews's First Amended Complaint alleged employment discrimination based on gender and race in violation of Title VII and Md. Code Ann., State Gov't § 20-606 (West 2013).  (See First Am. Compl. at 3-5, ECF No. 11).  Mr. Matthews's Second Amended Complaint alleges only that the Board discriminated against him on the basis of his gender.  (See Second Am. Compl. at 4-5, ECF No. 29).

to investigate a female accuser's claim.  Id.   The Court
nevertheless granted Mr. Matthews leave to amend his complaint
as to the Title VII claims.  Id. at *5.

On January 4, 2013, Mr. Matthews timely filed his Second
Amended Complaint.  (ECF No. 29).  The matter currently before
this Court concerns the Board's Motion to Dismiss or, in the
Alternative, for Summary Judgment, filed on January 22, 2013.
(ECF No. 31).  Mr. Matthews opposes the Motion.  (ECF Nos. 32–
33).

## II. DISCUSSION

### A.   Standard of Review

The purpose of a motion to dismiss filed pursuant to
Federal Rule of Civil Procedure 12(b)(6) is to test the legal
sufficiency of a complaint.  Edwards v. City of Goldsboro, 178
F.3d 231, 243 (4th Cir. 1999).  Pursuant to Federal Rule of
Civil Procedure 8(a)(2), a complaint need only contain "a short
and plain statement of the claim showing that the pleader is
entitled to relief, in order to give the defendant fair notice
of what the . . . claim is and the grounds upon which it rests."
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations
and internal quotation marks omitted).

In considering a Rule 12(b)(6) motion, this Court must
construe the complaint in the light most favorable to the
plaintiff, read the complaint as a whole, and take the facts

4

asserted therein as true.  See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999). However, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).  A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted).

A complaint must allege sufficient facts to "cross 'the line between possibility and plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557); see also Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (citations, internal quotation marks, and emphasis omitted).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 555 U.S. at 556).  Thus, if the well-pled facts contained within a complaint "do not permit the court to infer more than the mere possibility

of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." Francis, 588 F.3d at 193 (quoting Iqbal, 556 U.S. at 679) (citations and internal quotation marks omitted).

In addition to the complaint, the court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

## B. Analysis

The Court grants the Board's Motion to Dismiss because the Second Amended Complaint fails to allege a plausible claim that Mr. Matthews suffered an adverse employment action or that the decision not to investigate his complaint against Ms. Carter was based on his gender.

### 1. Adverse Employment Action

Title VII prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment" because of the person's gender. 42 U.S.C. § 2000e-2(a)(1). In a Title VII case, a plaintiff may elect to provide direct or circumstantial evidence of discrimination, or establish a prima facie case of discrimination under the burden shifting approach of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Hill v.

Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004).

In Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002) the Supreme Court held that a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss. Id. at 510-11. The U.S. Court of Appeals for the Fourth Circuit has not, however, "interpreted Swierkiewicz as removing the burden of a plaintiff to allege facts sufficient to state all the elements of her claim." See Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002) ("[T]he Supreme Court's holding in Swierkiewicz v. Sorema did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim.").

Accordingly, Mr. Matthews must allege facts that demonstrate "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action . . . ; and (4) that similarly-situated employees outside the protected class received more favorable treatment." See Gerner v. Cnty. of Chesterfield, Va., 674 F.3d 264, 266 (4th Cir. 2012) (identifying the elements necessary to establish a prima facie case of gender discrimination) (citation omitted).

The adverse employment action requirement ensures that employees do not use Title VII to provide "redress for trivial discomforts endemic to employment." Boone v. Goldin, 178 F.3d

253, 256 (4th Cir. 1999). Requirements for a showing of an adverse employment action include, "discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, or reduced opportunities for promotion." Id. at 255.

Although a reprimand does not automatically constitute an adverse employment action, "if evidence shows that a reprimand . . . works a real, rather than speculative, employment injury, the reprimand becomes a tangible employment action." Lewis v. Forest Pharm., Inc., 217 F.Supp.2d 638, 648 (D.Md. 2002) (holding that a reprimand which rendered an employee ineligible for a promotion for which she was otherwise qualified constituted an adverse action).

A reprimand that "only bruises an employee's ego or reputation" does not qualify as an adverse employment action. See id. Similarly, a reassignment qualifies as an adverse employment action only if it sufficiently alters the terms of employment, or if it has a significantly detrimental effect on the plaintiff. See Boone, 178 F.3d at 256. "Reassignment to a new position commensurate with one's salary level does not constitute an adverse employment action even if the new job does cause some modest stress not present in the old position." Id. at 257.

Here, Mr. Matthews's Second Amended Complaint avers that the reprimand and counseling led to his stigmatization and reassignment to a floater position. To further buttress his claims, Mr. Matthews points to the fact that he was forced to attend sexual harassment counseling under threat of being fired and that he was not financially compensated for his absence from work while attending counseling.[3] Taken as a whole, Mr. Matthews contends these actions altered the terms, conditions, and benefits of his employment.

First, assuming Mr. Matthews was stigmatized as a result of the reprimand and counseling, he fails to show how such actions led to more than a bruising of his ego or reputation.

Second, although Mr. Matthews alleges the reassignment caused him increased cost and instability, he has not pled facts demonstrating that the reassignment had a "significant detrimental effect." Boone, 178 F.3d at 256 (noting that a reassignment to a more stressful position with poor working conditions did not represent a significant detrimental effect);

---

[3] Mr. Matthews, by way of affidavit, also alleges for the first time that he was subjected to threats, verbal attack, unfavorable performance evaluations, and unfair work assignments as a result of the reprimand and counseling. (See Matthews Aff. at 2-3, ECF No. 33-2). As set forth more fully below, however, the Court does not rely on any documents not referenced in the pleadings and will decline to treat this as a motion for summary judgment. Be that as it may, the Court notes that Mr. Matthews did not raise these new allegations in either the Charge of Discrimination he filed with the Equal Employment Commission ("EEOC") on July 16, 2010 or his Second Amended Complaint.

see also James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 376 (4th Cir. 2004) (noting that even though a reassignment reduced an employee's eligibility to receive bonuses, that was not enough to constitute a significant detrimental effect). To be sure, Mr. Matthews has not shown that the Board reduced his pay, significantly changed his benefits, or imposed significantly different responsibilities to an extent that would qualify the reassignment as an adverse employment action.

Third, although Mr. Matthews was threatened with termination if he did not attend the counseling sessions, he fails to demonstrate how the reprimand worked a "real, rather than speculative employment injury." Lewis, 217 F.Supp.2d at 648 (finding that automatically considering reprimands threatening termination as adverse employment actions is unwarranted because it would "unduly inhibit criticism of employees, which is a normal incident of the working relationship between supervisors and those in their charge").

Finally, while Mr. Matthews claims that he lost income from attending the three hours of mandatory counseling, he has not shown that the reprimand or counseling significantly affected his compensation.

## 2. Discriminatory Intent

Mr. Matthews's Second Amended Complaint is similarly deficient in setting forth a plausible claim of discriminatory

10

intent.  A Title VII plaintiff must establish a plausible claim that a forbidden consideration, such as gender, motivated an employer's actions; conclusory allegations are insufficient. See Coleman v. Md. Ct. of App., 626 F.3d 187, 190-91 (4th Cir. 2010) (requiring that a plaintiff provide sufficient facts to establish the plausibility of discriminatory intent).

In his Second Amended Complaint, Mr. Matthews claims the investigation focused entirely on interviewing female employees, who were not eyewitnesses to the altercation between himself and Ms. Carter, and ignored the two male non-eyewitnesses that Mr. Matthews referenced in his initial complaint to his supervisor. The Board argues that its failure to interview the male witnesses does not support an inference of gender discrimination, however, because the male witnesses had no personal knowledge of the incident.  The Court agrees.

On December 28, 2009, the Board's coordinator for equity assurance, Min Kim, issued a memorandum on the investigation of the altercation involving Mr. Matthews and Ms. Carter.  Upon review of Ms. Kim's memorandum,[4] which Mr. Matthews provided as

---

[4]  The Court declines to convert the current Motion to Dismiss into a Motion for Summary Judgment.  In reaching a conclusion regarding the sufficiency of the pleadings, the Court limited its analysis to facts pled in the Second Amended Complaint and a document relied on therein.  Under Federal Rule of Civil Procedure 12(d), the Court is permitted to consider documents outside of the pleadings, which are directly referenced and relied on in the complaint, without necessitating

supporting documentation and referenced in the Second Amended Complaint, it is evident that at least two of the female employees interviewed had first-hand knowledge of the altercation between Mr. Matthews and Ms. Carter. (See Matthews Aff. Ex. 2, ECF No. 33-4). The third female interviewed, Wendy Cain, was Mr. Matthews's direct supervisor to whom he addressed his complaint. (Id.) The involvement of the fourth female interviewee, Rosalind Howard, is unclear. (Id.) In any case, it is clear from the Second Amended Complaint that the two male witnesses Mr. Matthews identified did not have first-hand knowledge of the altercation between Mr. Matthews and Ms. Carter. Accordingly, the Board had no reason to interview them regarding the matter.

At bottom, Mr. Matthews fails to establish a plausible claim that the Board's decision not to investigate his complaint against Ms. Carter was based on his gender.

---

the transformation of a motion to dismiss into a motion for summary judgment. See CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co., 566 F.3d 150, 154 (4th Cir. 2009); see also Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999) (holding that a court may consider documents not attached to the complaint when ruling on a motion to dismiss when those documents are "integral to and explicitly relied on in the complaint and [when] the plaintiffs do not challenge [their] authenticity.") (citations omitted).

## III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, GRANT Defendant Board of Education of Howard County's Motion to Dismiss (ECF No. 31).


Entered this 10th day of July, 2013

/s/

_____

George L. Russell, III
United States District Judge
